Charles M. Sabo 006200
Charles M. Sabo, P.C.
4700 S. Mill Avenue, Ste. 7
Tempe, Arizona  85282
Telephone: (480) 820-5931
Fax: (480) 820-8099
e-mail: charlessabopc@earthlink.net
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT, DISTRICT OF ARIZONA**

In re:

KEVIN C. TOLMAN,
ASTA TOLMAN
fdba TOLMAN DAY CARE,

              Debtors.

No. 2:09-bk-23505

FIRST AMENDED
CHAPTER 13 PLAN AND
APPLICATION FOR PAYMENT OF
ADMINISTRATIVE EXPENSE

> Creditors shall be provided for and paid as stated in this Plan regardless of the secured amount stated in a proof of claim.  If a secured creditor does not timely file and serve an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount paid on the secured claim.  11 U.S.C. §1325(a)(5)(A). Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan.  The binding effect is regardless of any proof of claim which may be filed.  11 U.S.C. §1327.

Debtors propose the following First Amended Chapter 13 Plan:

**I. PROPERTY AND FUTURE EARNINGS.**

    The debtors shall submit the following property and future earnings to the Trustee for distribution under the plan:
    Future earnings: $750 per month on or before the twenty-second (22nd) day of each month commencing October 22, 2009 (months 1 through 10), and then $825 per month commencing August 22, 2010 (months 11 through 60), for the duration of the plan.
    Tax Returns:  Debtors are required to provide, directly to the Trustee within 30 days after the returns are filed, copies of their Federal and State income tax returns for the second and third years of the plan. Debtors shall remain current with post-petition tax return filings as well as making all payments due on such returns promptly.  The debtors declare that all required tax returns have been filed through tax year 2008.

**II. DURATION OF THE PLAN.**

    The payments shall be made by or on behalf of the debtors to the Trustee for a period of 60 months.  If at any time before the end of this period all claims are paid, the plan shall terminate.  In no event

will the duration of the plan be reduced to less than 36 months unless all allowed claims are paid in full.

If payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan can be discharged.

In the event that secured and/or priority proofs of claim are filed in amounts less than that provided for such claims by this plan, plan duration may be reduced accordingly provided that all general unsecured creditors shall receive not less than the amount provided in this plan and plan duration shall not be less than 36 months unless all allowed claims have been paid.

**III.   CLASSIFICATION AND TREATMENT OF CLAIMS.**

    1.   ADMINISTRATIVE EXPENSES.

Trustee's compensation: The Trustee shall charge such percentage fee as may periodically be fixed by the Attorney General pursuant to 28 U.S. C. Section 586(e).

A. Debtor's attorney has been paid $721.00 as a pre-petition retainer. Debtor's attorney hereby applies for additional compensation in the amount of $3,279.00 as a flat fee for the services described in paragraph B, plus an additional $350.00 in fees and costs specifically associated with the preparation and filing of the first amended plan, as set forth in paragraph C., for a total of $3,629.00, to be paid through this chapter 13 plan prior to payment on any claim listed hereafter. In the event of the dismissal of this case prior to confirmation or conversion to Chapter 7, this claim shall be paid from plan payments prior to any other debts except Trustee's fees and costs as allowed by the court.

B. The services rendered for which Debtor's attorney seeks to be paid $3,279.00 through the chapter 13 plan are: preparation and filing of Debtor's bankruptcy petition, schedules, and initial Chapter 13 Plan; all consultations, telephone conversations and correspondence with debtor necessary to prepare and file Debtor's bankruptcy petition, schedules, and initial Chapter 13 Plan; all consultations, telephone conversations and correspondence with debtor necessary to obtain a confirmation order; all required appearances in the prosecution of Debtor's case to obtain a confirmation order, other than in contested motions or adversary proceedings; mailing and costs thereof relating to preparation and filing of Debtor's bankruptcy petition, schedules, and initial Chapter 13 Plan; all necessary contacts with creditors and the Trustee to prosecute Debtor's case through confirmation of a Chapter 13 Plan other than contacts related to contested motions or adversary proceedings; and preparation and lodging of the order to confirm a Chapter 13 Plan.

C. Debtor's counsel applies for an addition to the flat fee in the amount of $350.00 for the following services: Consultations, telephone conversations and correspondence with debtor necessary to prepare a <u>First Amended Plan</u>; Preparation of a <u>First Amended Plan</u> and filing of Debtor's <u>First Amended Plan</u>.

## 2. CLAIMS SECURED BY REAL PROPERTY.

    (a) The creditors listed below shall retain their security interest in the real property securing their claim.

    (b) Regular monthly payments becoming due after the filing of Debtors' Petition shall be made outside of this plan, with the sole exception of those cases subject to the Standing Order effective October 1, 2008, with regard to conduit mortgage payments in Tucson Chapter 13 cases. Those mortgage payments shall be made pursuant to the terms of the Standing Order. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages treated by this plan.

    (c) Arrearages shall include all payments, late charges, attorney fees and costs due and unpaid at the time of filing this plan, as well as reasonable attorney fees and costs incurred by the secured creditor in this action. The estimated arrearages listed below shall be adjusted to reflect the actual amount allowed based upon the secured creditor's proof of claim. In the event that a creditor listed hereunder files an objection based solely on the arrearage figure which is stated to be an estimate, that creditor shall be responsible for its own attorney fees in connection with the objection.

    (d) The arrearage allowed by the court shall be paid in full prior to commencement of payment on any claim listed hereafter.

    (e) Debtors' homestead exemption in the real property and in any identifiable cash proceeds from sale of the real property is allowed. The Debtors' homestead may not be sold without approval of the Trustee. If sold, the balance of any encumbrance owed to any secured creditor listed immediately below shall be paid in full through escrow.

Value is based upon Debtors' opinion unless stated otherwise.

| Claimant | Value/Security | Interest Rate | Arrearage | Cure Time |
|---|---|---|---|---|
| Wachovia Mortgage Chase | 340,000/ 2935 E. Elmwood Place Chandler AZ 85249 | | -0- -0- | |

The following real property shall be surrendered by debtor to creditor. Any allowable claim for a deficiency shall be treated as an unsecured claim.

| Creditor | Property to be surrendered |
|---|---|
| Disney Vacation Development, Inc. | Timeshare |

3. CLAIMS SECURED BY PERSONAL PROPERTY.

a. (Property to be retained by debtors.) The following creditors shall retain their interest in property securing their claims. They shall be paid the debt balance set forth below, unless otherwise stated, together with interest at the rate specified on the amount of the claim paid as secured only. Upon payment of this amount or entry of discharge, whichever first occurs, the security interest shall be released. Claims paid as secured herein shall be paid in full prior to commencement of payment on any claim listed hereafter. **If any creditor listed as secured files an unsecured proof of claim, that creditor shall be deemed to hold an unsecured claim and the claim shall be classified as such and any security interest held by such creditor shall be immediately released.** Any claims not specifically listed in this paragraph are not secured claims and shall be treated as unsecured claims. **Any creditors not listed as secured but who claim secured status must timely file an objection to confirmation of the Plan and serve a copy upon Debtors' counsel**. If no such objections or proofs of claim are timely filed, then claims not specifically named below will be fully treated as unsecured, nonpriority claims. **If a creditor listed as secured returns funds paid as a secured claim to the trustee, that claim shall be treated as a general unsecured claim and any security interest held by said creditor shall be immediately released. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice. If a creditor files a secured claim in an amount less than that proposed in the Plan, then the secured claim amount will be the amount paid.**

Cars and trucks are valued per the appropriate Kelley Blue Book. All other personal property is valued per Debtors' opinion unless stated otherwise.

| Creditor/ Security | Balance/Value of security | Interest rate | Paid as secured/ unsecured |
|---|---|---|---|
| Sunwest Fed CU/2009 Toyota Yaris | 16,936.66/15,600 | 5% | 15,600/1,336.66 |
| Toyota Motor Credit/ 2009 Toyota Yaris | 19,120.64/15,100 | 5% | 19,120.64/-0- |

Secured creditor, Sunwest Federal Credit Union, shall be paid the sum of $151 per month as and for adequate protection payments beginning concurrently with Administrative Expenses.

Secured creditor, Toyota Motor Credit, shall be paid the sum of $151 per month as and for adequate protection payments beginning concurrently with Administrative Expenses.

b. (Property to be surrendered by debtors.) Satisfaction of any claim to the following secured creditor shall be made by return of the collateral to said creditor. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim

4

for a deficiency shall be treated as an unsecured claim. If this creditor has filed a secured proof of claim, it will be disallowed. To be paid any portion of this creditor's unsecured claim for a possible deficiency balance, the creditor must file an amended, unsecured proof of claim.

| Creditor | Property to be surrendered |
|---|---|
| Fifth Third Bank | 2009 Honda Odyssey |

### 4. PRIORITY CLAIMS.

The following claims shall be classified and paid as priority claims. The estimated amount listed below shall be adjusted to reflect the actual amount allowed. Priority claims listed below shall be paid in full prior to commencement of payment on any claim listed hereafter. **If a creditor fails to file a priority claim or files a wholly unsecured claim, the debtor(s) may delete the proposed payment of a priority claim in a proposed order confirming the plan with no additional notice.**

| Claimant | Nature of Claim | Interest Rate | Amount |
|---|---|---|---|
| None. | | | |

### 5. UNSECURED CLAIMS.

All other claims shall be classified as unsecured claims which are dischargeable pursuant to 11 USC Section 1328 with the exception of those claims specifically excepted from discharge pursuant to §1328(a)(2)(3) or (4). Allowed claims in this class shall be paid without interest the balance of payments under the plan, pro rata, after payment in full of all claims listed above. Said amounts may be adjusted and/or decreased should the administrative, secured and/or priority claims be higher than originally estimated.

6. OBJECTION TO PROOF OF CLAIM. Debtors make no admission of liability on a claim in the event an objection to a proof of claim is not filed.

**IV. EXECUTORY CONTRACTS.**

None.

**V. OTHER.**

    1. The effective date of the plan shall be the date of the order confirming the plan. Property of the estate shall vest in the debtors upon confirmation. The debtors may use the property in any manner or may sell the property without further order of the court upon trustee approval.

    2. The Plan shall not constitute an informal proof of claim for any creditor.

    DATED this 23rd day of December, 2009.

/s/ Kevin C. Tolman  
KEVIN C. TOLMAN

/s/ Asta Tolman  
ASTA TOLMAN

/s/ CMS ABN 006200  
Charles M. Sabo  
4700 S. Mill Ave., Ste. 7  
Tempe, Arizona 85282  
Attorney for Debtors

AMENDED PLAN ANALYSIS

Debtor: KEVIN C. TOLMAN                          Case No.  2:09-bk-23505
Prior: Bankruptcy (  )          Chapter 13 (  )  Date:
Estimated Length of Plan      60              months.

                              Trustee Use
                                §341 Meeting Date:
                                Continued:
                                Confirmed Date:


TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A.  TOTAL PRIORITY CLAIMS
    1.  Unpaid attorney's fees . . . . . . . . . . . . . $       3,629
    2.  Taxes . . . . . . . . . . . . . . . . . . . . . $           0
    3.  Other . . . . . . . . . . . . . . . . . . . . . $           0
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS . . . . . . . . . $           0
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS. . . . . . . . . $      39,753
D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS. . . . $         493
E.  SUB-TOTAL . . . . . . . . . . . . . . . . . . . . . $      43,875
F.  TOTAL TRUSTEE'S COMPENSATION ( 10 % of
    Debtor's payments) . . . . . . . . . . . . . . . . . $       4,875
G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES . . . . . . . $      48,750


                         RECONCILIATION WITH CHAPTER 7

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
    1.  Value of Debtor's interest in nonexempt
        property . . . . . . . . . . . . . . . . . . . . $         500
    2.  Plus: value of property recoverable
             under avoiding powers . . . . . . . . . . . $           0
    3.  Less: estimated Chapter 7 administrative
        expenses . . . . . . . . . . . . . . . . . . . . $         148
    4.  Less amounts payable to priority
        creditors other than costs of
        administration . . . . . . . . . . . . . . . . . $           0
    5.  Equals: estimated amount payable to
        general unsecured creditors if Chapter 7
        filed (if negative, enter zero). . . . . . . . . $         352
I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7 . . . . . . . . . . . . .  $         352
J.  ESTIMATED DIVIDEND UNDER PLAN . . . . . . . . . . .  $         493

*   IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS
OF THE PLAN AS CONFIRMED CONTROL.